# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Barbara Sanders Norwood,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Peach State Federal Credit Union,<br>a Georgia credit union,<br><br>　　　　Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, BARBARA SANDERS NORWOOD, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Conyers, Rockdale County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Conyers, Rockdale County, Georgia.

6. The Defendant to this lawsuit is Peach State Federal Credit Union ("PSFCU") which a Georgia credit union that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. PSFCU is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $104.00 on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradeline is closed with $0.00 balance. Plaintiff no longer has an obligation to make monthly payments to PSFCU. This creditor has accelerated the balance due and hence Plaintiff no longer has the right nor obligation to satisfy this debt in installment payments.

9. The Errant Tradeline should be reported by PSFCU with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting

Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On December 10, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

11. On or about February 10, 2020, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that she does not owe the recurring payment reflected by the Errant Tradeline. Plaintiff no longer has an obligation to make monthly payments to PSFCU. Accordingly, Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to PSFCU.

14. PSFCU received Plaintiff's consumer dispute from Equifax.

15. PSFCU did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received Equifax's investigation results. Therefore, on April 6, 2020, Plaintiff obtained her Equifax credit disclosure, which showed that

PSFCU failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PSFCU

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, PSFCU negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. PSFCU negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

22. As a direct and proximate cause of PSFCU's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. PSFCU is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against PSFCU arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PSFCU for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PSFCU**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, PSFCU willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

27. PSFCU willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of PSFCU's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. PSFCU is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PSFCU for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 21, 2020

By: */s/ Matthew Landreau*
Matthew Landreau

                                              Bar Number 301329  
                                              22142 West Nine Mile Road  
                                              Southfield, MI 48033  
                                              Telephone: (248) 353-2882  
                                              Facsimile: (248) 353-4840  
                                              E-Mail: matt@crlam.com  
                                              *Attorneys for Plaintiff,*  
                                              *Barbara Sanders Norwood*